UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

JEAN HEBERT,

      Plaintiff,

vs.

THE MIDDLEBY MARSHALL
HOLDINGS, LLC D/B/A DOYON/NU-VU
AND MIDDLEBY CORPORATION
D/B/A DOYON EQUIPEMENT,

      Defendants.

_____/

## NOTICE OF REMOVAL

      Defendants, THE MIDDLEBY MARSHALL HOLDINGS, LLC D/B/A DOYON/NU-VU AND MIDDLEBY CORPORATION D/B/A DOYON EQUIPEMENT (hereinafter the "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the above-captioned matter from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. As grounds therefore, Defendants show the Court as follows:

**1. State Court Action**

      Plaintiff initiated an action that is still pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *JEAN HERBERT v. THE MIDDLEBY MARSHALL HOLDINGS, LLC D/B/A DOYON/NU-VU AND MIDDLEBY CORPORATION D/B/A DOYON EQUIPEMENT*, and designated Case No. 13-01231. Plaintiff filed the instant action on January 15, 2013. *See* Complaint at Exhibit A.

**2. Defendant's Receipt of Complaint**

A copy of the Plaintiff's Complaint in this action was received by Defendant, along with the summons, on April 11, 2013. *See* Summons at <u>Exhibits B.</u>

## 3. Nature of Action

Plaintiff has filed a civil action involving alleged wrongful discharge under a claimed employment agreement and accounting of sales commissions. *See* Complaint at <u>Exhibit A.</u>

## 4. Removal of State Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant... to the district court of the United States for the district and division embracing the place where such action is pending." Specifically, this action is removable under 28 U.S.C. §1441(a) because the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

## 5. Diversity of Citizenship

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." Furthermore, under 28 U.S.C. § 1332 "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [ ] citizens of different States."

Generally, a party removing a case to federal court based upon diversity of citizenship bears the burden of establishing citizenship of the parties. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Although there is no statutory definition of citizenship, this Court has held that "citizenship of an individual is equivalent to 'domicile' for

purposes of diversity jurisdiction." *Island Pipeline, LLC v. Sequoyah Ltd., LLC*, 2009 WL 413584 (M.D.Fla. 2009) citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

As for citizenship of a corporation, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." In *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010), the United States Supreme Court evaluated the meaning of the statutory phrase "principal place of business" in order to settle on a uniform interpretation. The Court concluded "that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Id.* at 1192. The Court further stated that "in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination..." *Id.*

Plaintiff, JEAN HERBERT, as alleged in the Complaint, is a resident and citizen of Broward County, Florida. *See* Complaint, ¶ 1 at <u>Exhibit A</u>.

Defendants, THE MIDDLEBY MARSHALL HOLDINGS, LLC D/B/A DOYON/NU-VU AND MIDDLEBY CORPORATION D/B/A DOYON EQUIPEMENT, as alleged in the Complaint, is a Michigan corporation or a corporation that maintains its principal place of business (*i.e.,* its nerve center) in Menominee, Michigan. *See* Complaint, ¶ 3 at <u>Exhibit A</u>. The fact that Defendants are alleged to have done business in Florida does not affect this. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1195 (holding that while Hertz conducted a portion of its business in California, its center of direction, control, and coordination and its corporate headquarters were located in New Jersey").

Defendants have clearly set forth sufficient evidence to establish diversity of citizenship of the parties such that this action should be removed to the federal court pursuant to 28 U.S.C. § 1332.

**6. Amount in Controversy**

Plaintiff seeks an unspecified amount of damages which he alleges is based on an alleged base salary plus commissions of up to $172,000 per year. *See* Complaint at Exhibit A. The potential damages for these claims far exceed the $75,000.00 threshold for Diversity Jurisdiction. Defendants deny all allegations set forth in Plaintiff's Complaint and his entitlement to damages.

**7. Venue**

The Ft. Lauderdale Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a).

**8. Timeliness of Notice of Removal**

Pursuant to 28 U .S .C. § 1446(b), this removal is timely because Defendants have filed this Notice of Removal within 30 days of receipt by the Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Specifically, the summons and Complaint were served on Defendants on April 11, 2013. Therefore, because the service dates is less than thirty days ago, this removal is timely.

**9. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice, the Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint. *See* Exhibit A and B.

Case No. _____

**10. Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendants shall give written notice

to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the County

Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this **10th** day of **May 2013**, we electronically filed the
foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing
document is being served this day on all counsel of record or pro se parties identified on the
attached Service List in the manner specified, either via transmission of Notices of Electronic
Filing generated by CM/ECF or in some other authorized manner for those counsel or parties
who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
rachel.beige@csklegal.com
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: /s/ Rachel K. Beige
BARRY POSTMAN
FBN: 991856
RACHEL K. BEIGE
FBN: 0016366

**SERVICE LIST**
M. Daniel Hughes
300 North Federal Highway
Building Two South, Suite 200
Ft. Lauderdale, FL 33306
Email: lawmdh@aol.com
*via CM/ECF*

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

JEAN HEBERT,

Plaintiff,

vs.

THE MIDDLEBY MARSHALL
HOLDINGS, LLC D/B/A DOYON/NU-VU:
AND MIDDLEBY CORPORATION
D/B/A DOYON EQUIPEMENT,

Defendants.

: IN THE CIRCUIT COURT OF THE
: 17TH JUDICIAL CIRCUIT IN AND
: FOR BROWARD COUNTY, FLORIDA.

: CASE NO.

**13 - 01231**

A TRUE COPY

JAN 15 2013

**COMPLAINT**

COMES NOW, the Plaintiff, **JEAN HEBERT**, and files this his Complaint against the

Defendants, **THE MIDDLEBY MARSHALL HOLDINGS, LLC D/B/A DOYON/NU-VU AND**

**MIDDLEBY CORPORATION D/B/A DOYON EQUIPEMENT,** and as grounds therefore

would state:

## COUNT I - DAMAGES

1.	Plaintiff is, and at all times mentioned was, a resident of Broward County,

Florida.

2.	All acts or omissions to act complained of herein occurred in Broward County,

Florida.

3.	Defendants are either Michigan entities or maintain their home office in the

city of Menominee, Michigan.

4.	The Defendants are, among other things, in the business of providing and

selling bakery equipment.

5.	Plaintiff, JEAN HEBERT, was employed by the Defendants as a salesman

1



in the Southeast United States and South America.

6. On or about April 29, 2003, Plaintiff and Defendants entered into a written contract of employment. The contract was written in French, however, both the French contract and an English translation in the pertinent parts thereof are attached hereto as Exhibit "A".

7. The purpose of the contract was to establish an employment agreement between Plaintiff and Defendants.

8. At all times since execution of the contract, Plaintiff has performed all matters required of him.

9. On or about July 10, 2012, Defendants wrongfully discharged Plaintiff, without cause, from employment under the contract.

10. Defendants have failed to pay Plaintiff as required under the contract referred to in Paragraph 6.

11. Due to the proximate result of the wrongful discharge, Plaintiff has suffered damages in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff, JEAN HEBERT, requests judgment for damages against the Defendants, THE MIDDLEBY MARSHALL HOLDINGS, LLC D/B/A DOYON/NU-VU AND MIDDLEBY CORPORATION D/B/A DOYON EQUIPEMENT, together with costs and attorneys' fees, as provided by law.

## COUNT II - ACCOUNTING

12. Plaintiff re-alleges and re-avers Paragraphs 1 through 10.

13. Although requested, Defendants have failed and refused to provide Plaintiff

2

with an accounting for sales in South American and the Southeast United States for an
accurate calculation of the commissions and compensation earned and owed to Plaintiff
by Defendants pursuant to the subject contract.

WHEREFORE, Plaintiff, JEAN HEBERT, requests the Court enter an order requiring
the Defendants to provide an accounting of all sales commissions due to the Plaintiff for
the Plaintiff's sales territory, together with attorneys' fees and costs as provided by law.

M. DANIEL HUGHES, ESQ.
Attorney for Plaintiff
3000 North Federal Highway
Building Two South, Suite 200
Fort Lauderdale, FL 33306
Telephone: (954) 566-3390
Facsimile: (954) 561-1244
Florida Bar No. 296147

3

Hébert                     sux de ʳ·

Jean Hébert

### Plan de ventes 2003

|  | Salaire de base: | 52 000 $ |  |  |
|--|--|--|--|--|
|  | Commissions: | 3.00% | Après 2,000,000$ = 2% |  |

|  |  | Commissions | Salaire | total |
|--|--|--|--|--|
| Simulation des | 600 000 $ | 18 000 $ | 52 000 $ | 70 000 $ |
| ventes: | 1 200 000 $ | 36 000 $ | 52 000 $ | 88 000 $ |
|  | 1 500 000 $ | 45 000 $ | 52 000 $ | 97 000 $ |
|  | 2 000 000 $ | 60 000 $ | 52 000 $ | 112 000 $ |
|  | 3 000 000 $ | 80 000 $ | 52 000 $ | 132 000 $ |
|  | 4 000 000 $ | 100 000 $ | 52 000 $ | 152 000 $ |
|  | 5 000 000 $ | 120 000 $ | 52 000 $ | 172 000 $ |

Le représentant des ventes recevra une commission de 3% sur les ventes qui lui sont attribuées jusqu'a concurrence de 2,000,000$. A partir de ce montant, le représentant recevra 2% sur les ventes qui lui sont attribuées.

Les dépenses de représentation courantes ( hotel, voyage, repas,etc ) sont a la charges de l'employeur, et doivent être approuvées par celui-ci.

Si l'employé quitte l'employeur, il ne recevra aucune indemnité.

Si l'employeur termine sa relation d'affaire avec l'employé, celui-ci recevra une indemnité équivalente a un mois de salaire pour chaque année complète travaillée. La rémunération sera basé sur la moyenne des trois années précedentes.

L'employeur prend a sa charge la présente assurance de l'employé ( 478$/mois).

Le salaire de base augmentera de 1,000$ par année a compter du 1e janvier de chaque année a compter de 2004.

Le versement des commissions aura lieu a chaque trimestre. Il n'y en a pas annuellement.

La présente entente est valide pour sensiblement les territoires actuels et la clientèle actuelle. ( voir en annexe les territoires cibles et les clients )

Pour les vacances annuelles, la règle est comme suit:
  Moins de 3 ans de service: 2 semaines
  Entre 3 et 5 ans de service: 3 semaines
  Plus de 5 ans de service: 4 semaines

Le représentant des ventes s'engage a faire un suivi rigoureux de ces consignations.

Maurice Doyon        Jean Hébert        Date Avril 28/2003

Page 5

EXHIBIT

Hébert

## Territoires de Jean Hébert

Floride
Georgie
Alabama
Caroline du Nord
Caroline du Sud
Texas
Louisiane

Cinnabon
Greenfield-Amérique du Sud

Tennessee
mississippi
arkansas
Oklahoma

, avril 28/2003

Page 6



January 1, 1998

## Doyon - Canada

## Annual Bonus Plan 1998

**Regional Sales Manager : Jean Hébert**

Territory : Florida - Alabama - Georgia
Subway Headquarter Sales
Special customers

**Sales Projection for 1998 : $ 300,000.00**

At the end of the year 1998, Doyon Equipment Inc. will
pay commission on 60 % of base pay for sales by
Jean Hébert over $ 300,000.00 U.S. dollars.

**Commissions will be paid as follows**
Example :

| Over budget | Base pay 60% | | % | Commissions |
|---|---|---|---|---|
| 100,000.00 $ | 19,800.00 $ | x | 20% | 3,960.00 $ |
| 200,000.00 $ | 19,800.00 $ | x | 40% | 7,920.00 $ |
| 300,000.00 $ | 19,800.00 $ | x | 60% | 11,880.00 $ |
| 400,000.00 $ | 19,800.00 $ | x | 80% | 15,840.00 $ |

Note : Subway Headquarter (no quarterly bonus)
Bonus paid for Subway Headquarter sales on annual sale only

See page 2 for complete annual bonus plan

C.P. 250
1255, rue Principale
Linière, Beauce
Québec, Canada
G0M 1J0
Tél. : 418•685•3421
Tél. : 1•8•885•3431
Fax : 1•864•685•3541



January 1, 1998

## AGREEMENT

## John Hebert

| Annual salary | 33,000 $ |

Salary paid by Piper Doyon Group Inc., Waussau
Reimbursed by Doyon Canada every month

| Expenses |

Telephone - Meal - Lodging (after approval)
Gas = 18 cents per mile
Paid by Doyon Canada

| Insurances Group by the company Piper Doyon Group Inc. |

| Sales for state of Florida, Georgia, Alabama |

Except Blimpies



Quarterly and yearly bonus paid by Piper Doyon Group Inc. and Super System
% of sales bonus at pro rata

C.P. 250
1255, rue Principale
Linière, Beauce
Québec, Canada
G0M 1J0
Tél. : 418-685-5431
Fax : 418-685-5543
Télé.. : 415-685-5231

## BONUS PLAN 1998

### Territory: Florida - Georgia - Alabama States

|  | Sales 1996 | Sales 1997 | Budget 1998 |
|---|---|---|---|
| Annual Sales | | | |
| Florida-Georgia-Alabama | 110,000 $ | 265,000 $ | 300,000 $ |

Doyon - Canada
Sales Projection

| Annual | Quaterly |
|---|---|
| 300,000 $ | 75,000 $ |

### Annual Bonus Plan

Annual Objective of 60% of base pay plus each 5 000 $ ÷ 1%

Sales

| | | | | | | |
|---|---|---|---|---|---|---|
| 300,000 $ | 0.0% | 0 $ | | 205,000 $ | 41.0% | 8,118 $ |
| 5,000 $ | 1.0% | 198 $ | | 210,000 $ | 42.0% | 8,316 $ |
| 10,000 $ | 2.0% | 396 $ | | 215,000 $ | 43.0% | 8,514 $ |
| 15,000 $ | 3.0% | 594 $ | | 220,000 $ | 44.0% | 8,712 $ |
| 20,000 $ | 4.0% | 792 $ | | 225,000 $ | 45.0% | 8,910 $ |
| 25,000 $ | 5.0% | 990 $ | | 230,000 $ | 46.0% | 9,108 $ |
| 30,000 $ | 6.0% | 1,188 $ | | 235,000 $ | 47.0% | 9,306 $ |
| 35,000 $ | 7.0% | 1,386 $ | | 240,000 $ | 48.0% | 9,504 $ |
| 40,000 $ | 8.0% | 1,584 $ | | 245,000 $ | 49.0% | 9,702 $ |
| 45,000 $ | 9.0% | 1,782 $ | | 250,000 $ | 50.0% | 9,900 $ |
| 50,000 $ | 10.0% | 1,980 $ | | 255,000 $ | 51.0% | 10,098 $ |
| 55,000 $ | 11.0% | 2,178 $ | | 260,000 $ | 52.0% | 10,296 $ |
| 60,000 $ | 12.0% | 2,376 $ | | 265,000 $ | 53.0% | 10,494 $ |
| 65,000 $ | 13.0% | 2,574 $ | | 270,000 $ | 54.0% | 10,692 $ |
| 70,000 $ | 14.0% | 2,772 $ | | 275,000 $ | 55.0% | 10,890 $ |
| 75,000 $ | 15.0% | 2,970 $ | | 280,000 $ | 56.0% | 11,088 $ |
| 80,000 $ | 16.0% | 3,168 $ | | 285,000 $ | 57.0% | 11,286 $ |
| 85,000 $ | 17.0% | 3,366 $ | | 290,000 $ | 58.0% | 11,464 $ |
| 90,000 $ | 18.0% | 3,564 $ | | 295,000 $ | 59.0% | 11,682 $ |
| 95,000 $ | 19.0% | 3,762 $ | | 300,000 $ | 60.0% | 11,880 $ |
| 100,000 $ | 20.0% | 3,960 $ | | 305,000 $ | 61.0% | 12,078 $ |
| 105,000 $ | 21.0% | 4,158 $ | | 310,000 $ | 62.0% | 12,276 $ |
| 110,000 $ | 22.0% | 4,356 $ | | 315,000 $ | 63.0% | 12,474 $ |
| 115,000 $ | 23.0% | 4,554 $ | | 320,000 $ | 64.0% | 12,672 $ |
| 120,000 $ | 24.0% | 4,752 $ | | 325,000 $ | 65.0% | 12,870 $ |
| 125,000 $ | 25.0% | 4,950 $ | | 330,000 $ | 66.0% | 13,068 $ |
| 130,000 $ | 26.0% | 5,148 $ | | 335,000 $ | 67.0% | 13,266 $ |
| 135,000 $ | 27.0% | 5,346 $ | | 340,000 $ | 68.0% | 13,464 $ |
| 140,000 $ | 28.0% | 5,544 $ | | 345,000 $ | 69.0% | 13,662 $ |
| 145,000 $ | 29.0% | 5,742 $ | | 350,000 $ | 70.0% | 13,860 $ |
| 150,000 $ | 30.0% | 5,940 $ | | 355,000 $ | 71.0% | 14,058 $ |
| 155,000 $ | 31.0% | 6,138 $ | | 360,000 $ | 72.0% | 14,256 $ |
| 160,000 $ | 32.0% | 6,336 $ | | 365,000 $ | 73.0% | 14,454 $ |
| 165,000 $ | 33.0% | 6,534 $ | | 370,000 $ | 74.0% | 14,652 $ |
| 170,000 $ | 34.0% | 6,732 $ | | 375,000 $ | 75.0% | 14,850 $ |
| 175,000 $ | 35.0% | 6,930 $ | | 380,000 $ | 76.0% | 15,048 $ |
| 180,000 $ | 36.0% | 7,128 $ | | 385,000 $ | 77.0% | 15,246 $ |
| 185,000 $ | 37.0% | 7,326 $ | | 390,000 $ | 78.0% | 15,444 $ |
| 190,000 $ | 38.0% | 7,524 $ | | 395,000 $ | 79.0% | 15,642 $ |
| 195,000 $ | 39.0% | 7,722 $ | | 400,000 $ | 80.0% | 15,840 $ |
| 200,000 $ | 40.0% | 7,920 $ | | | | |

Page 2

Regional Sales Manager

Florida - Georgia - Alabama States

John Hebert

Quaterly Sales Statement 1-2-3-4

---

Doyon - Canada
Quaterly Bonus Plan

Each 3 000 $ over objective = 60% of base pay X 0.6 %

**Sales Projections**

| Quarter | 75,000 $ |
|---|---|
| Annual | 300,000 $ |

Sales :

Florida - Georgia - Alabama

Example: Quarterly

| | |
|---|---|
| Sales: | 105,000 $ |
| Sales Projections: | 75,000 $ |
| Surplus: | 30,000 $ |
| 30,000 $ | 11.0% |
| Salary quarter 100 % | 8,250 $ |
| Salary quarter 60 % | 4,950 $ |
| Bonus | 544.50 $ |

**Bonus %**

| | | |
|---|---|---|
| 75,000 $ | 5.0% | 247.50 $ |
| 3,000 $ | 5.6% | 277.20 $ |
| 6,000 $ | 6.2% | 306.90 $ |
| 9,000 $ | 6.8% | 336.60 $ |
| 12,000 $ | 7.4% | 366.30 $ |
| 15,000 $ | 8.0% | 396.00 $ |
| 18,000 $ | 8.6% | 425.70 $ |
| 21,000 $ | 9.2% | 455.40 $ |
| 24,000 $ | 9.8% | 485.10 $ |
| 27,000 $ | 10.4% | 514.80 $ |
| 30,000 $ | 11.0% | 544.50 $ |
| 33,000 $ | 11.6% | 574.20 $ |
| 36,000 $ | 12.2% | 603.90 $ |
| 39,000 $ | 12.8% | 633.60 $ |
| 42,000 $ | 13.4% | 663.30 $ |
| 45,000 $ | 14.0% | 693.00 $ |
| 48,000 $ | 14.6% | 722.70 $ |
| 51,000 $ | 15.2% | 752.40 $ |
| 54,000 $ | 15.8% | 782.10 $ |
| 57,000 $ | 16.4% | 811.80 $ |
| 60,000 $ | 17.0% | 841.50 $ |
| 63,000 $ | 17.6% | 871.20 $ |
| 66,000 $ | 18.2% | 900.90 $ |
| 69,000 $ | 18.8% | 930.60 $ |
| 72,000 $ | 19.4% | 960.30 $ |
| 75,000 $ | 20.0% | 990.00 $ |

Page 3

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

JEAN HEBERT,                                    CASE NO.    13-01231 (03)

    Plaintiff,

vs.

THE MIDDLEBY MARSHALL HOLDINGS,
LLC D/B/A DOYON/NU-VU AND MIDDLEBY
CORPORATION D/B/A DOYON EQUIPEMENT,

    Defendants.

_____
SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action
on Defendant:

**THE MIDDLEBY MARSHALL HOLDINGS LLC**
**D/B/A DOYON/NU-VU**
**5600 13ᵀᴴ STREET**
**MENOMINEE, MICHIGAN 49858**

    Each Defendant is required to serve written defenses to the Complaint on M. DANIEL
HUGHES AND ASSOCIATES, P.A., Plaintiff's Attorney, whose address is 3000 North Federal
Highway, Building Two South, Suite 200, Fort Lauderdale, FL 33306, within 20 days after service
of this Summons on that Defendant, exclusive of the day of service, and to file the original of the
defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately
thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the
relief demanded in the Complaint or Petition.

DATED:_____ MAY 1 3 2013

                                    HOWARD C. FORMAN
                                    As Clerk of said Court      **ANGEL HARRIS**

(COURT SEAL)

                                    BY:_____
                                      As Deputy Clerk    **A TRUE COPY**
                                                        Circuit Court Seal



EXHIBIT

B

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votreargent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposesr vous-meme une reponse ecrite, il vois faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.