UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61076-CIV-COHN/SELTZER

JEAN HEBERT,

    Plaintiff,

v.

THE MIDDLEBY MARSHALL
HOLDINGS, LLC, d/b/a DOYON/NU-VU,
and MIDDLEBY CORPORATION, d/b/a
DOYON EQUIPMENT,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Alternative Motion for More Definite Statement [DE 17]. The Court has considered the motion, Plaintiff's response [DE 20], Defendants' reply [DE 23], the record in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

According to the Amended Complaint [DE 15], Plaintiff Jean Hebert is "a resident of Broward County, Florida," while Defendants The Middleby Marshall Holdings, LLC, d/b/a Doyon Nu-Vu, and Middleby Corporation, d/b/a Doyon Equipment "are either Michigan entities or maintain their home office in the city of Menominee, Michigan." DE 15 ¶¶ 1,3. Defendants are in the business of providing and selling bakery equipment. Id. ¶ 4. Plaintiff alleges that he was employed by Defendants as a salesman in South America and the southeastern United States. Id. ¶ 5. On or about

April 29, 2003, the parties entered into a written contract – attached to the Amended Complaint (see DE 15-1) – that outlined Plaintiff's salary-plus-commission compensation structure.  Id. ¶ 6.  On or about July 10, 2012, Defendants allegedly discharged Plaintiff from employment.  Id. ¶ 9.  Plaintiff claims that, while he has fully performed under the contract, Defendants have breached the contract by failing to pay Plaintiff compensation owed to him.  Id. ¶¶ 8, 10.  Plaintiff further asserts that, "due to the proximate result of the wrongful discharge," he has suffered more than $75,000.00 in damages.  Id. ¶ 11.

On January 15, 2013, Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  See DE 1 at 1, 6.  Plaintiff served Defendants on April 11, 2013, and Defendants removed the action to this Court on May 10, 2013.  Id. at 1-2.  On May 20, 2013, Defendants filed their first Motion to Dismiss Plaintiff's Complaint, with Prejudice, and Alternative Motion for More Definite Statement [DE 7] ("First Motion to Dismiss").  Plaintiff failed to timely respond to the First Motion to Dismiss, and the Court issued an Order to Show Cause re: Motion to Dismiss [DE 10] ("Order to Show Cause").  When Plaintiff failed to respond to the Order to Show Cause, the Court granted the First Motion to Dismiss, dismissing the Complaint without prejudice and giving Plaintiff until June 19, 2013 to file an Amended Complaint.  See DE 14.  On June 17, 2013, Plaintiff filed an Amended Complaint, bringing claims for "Damages" (Count I), and "Accounting" (Count II).  In the instant motion, Defendants move to dismiss both counts for failure to state a claim, and alternatively move for a more definite statement.  Plaintiff opposes the motion.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); and Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

As noted above, Defendants seek dismissal of both counts of the Amended Complaint pursuant to Rule 12(b)(6).  However, before proceeding to the merits, the Court must confirm that it has subject-matter jurisdiction over this action.

### A. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and may only hear cases that the Constitution and Congress have empowered them to resolve.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject-matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  Here, while the Amended Complaint does not specifically plead the Court's jurisdiction, it appears that Plaintiff purports to bring this action in diversity.  Diversity jurisdiction may be invoked if the parties are citizens of different states and at least $75,000.00 is in controversy.  See 28 U.S.C. § 1332(a). The Amended Complaint states that Defendants are Michigan entities, that Plaintiff is a "resident" of Florida, and that more than $75,000.00 is in controversy.  See DE 15 ¶¶ 1, 3, 11; see also DE 1 at 4 (stating that Plaintiff's maximum salary plus commissions was $172,000.00 per year).  However, there are no allegations as to Plaintiff's citizenship. See DE 15 ¶ 1.  For purposes of diversity, citizenship depends on domicile, not residence.  Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).  Thus, "a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of [establishing] jurisdiction."  Steigleder v. McQuesten, 198 U.S. 141, 143

(1905). Here, the Amended Complaint does not allege Plaintiff's citizenship or domicile, or any facts which, if true, would be conclusive of citizenship. Accordingly, the Amended Complaint is subject to dismissal. Nonetheless, the Court will address the parties' remaining arguments to guide the parties' preparation of prospective pleadings.

### B. Count I

It is not entirely clear which cause or causes of action Plaintiff is bringing in Count I, titled "Damages." Damages are a form of relief rather than a cause of action. On this basis alone, Count I fails to meet the pleading standards of Rule 8.

From the allegations, it appears that Plaintiff is attempting to bring a claim for breach of contract.[1] Defendants assert that, if Plaintiff is claiming breach of contract, he fails to allege sufficient facts to support this claim. The Court agrees. In Florida, "[t]he elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Vozzcom, Inc. v. Beazley Ins. Co., 666 F. Supp. 2d 1321, 1327 (S.D. Fla. 2009) (citing Brooks Tropicals, Inc. v. Acosta, 959 So. 2d 288, 292 (Fla. 3d DCA 2007)). Moreover, to sustain a breach of contract claim, the plaintiff must specify which provision of the contract has been breached. Gentry v. Harborage Cottages-Stuart, LLLP, No. 08-14020-CIV-MOORE/LYNCH, 2008 U.S. Dist. LEXIS 32663, at *9-10 (S.D. Fla. Apr. 21, 2008) (citing Henrion v. New Era Realty IV, Inc., 586 So. 2d 1295, 1297 (Fla. 4th DCA 1991)). Here, Plaintiff's only allegation with regard to Defendants'

---

[1] At the end of Count I, Plaintiff refers to his termination as a "wrongful discharge." DE 15 ¶ 11. Defendants assert that Plaintiff was an at-will employee, and that an at-will employee may not bring a claim for wrongful discharge under Florida law. Plaintiff does not address this issue in his response. Because it is not clear that Plaintiff was attempting to bring a wrongful discharge action, the Court will not address the prospects of such an action at this time.

5

breach of the employment contract is that "Defendants have failed to pay Plaintiff as required under the contract."  DE 15 ¶ 10.  The Amended Complaint does not state which provision of the contract Defendants breached.  Moreover, while Plaintiff claims that he was employed with Defendants for more than nine years, he does not allege when the breach occurred, or for what activities Plaintiff is owed compensation.  Without such basic factual allegations, Count I does not give Defendants fair notice of what the claim is and the grounds upon which it rests.  However, because these defects may be curable, Count I will be dismissed without prejudice.

### C. Count II

In Count II, Plaintiff seeks an accounting, alleging that he needs information regarding Defendants' sales in South America and the southeastern United States in order to calculate the commissions and compensation that Defendants owe to Plaintiff.  DE 15 ¶¶ 14-15.  Defendants move to dismiss Count II for failure to state a claim.  "Under Florida law, a party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate."  Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1540 (11th Cir. 1990) (citing, e.g., F.A. Chastain Constr., Inc. v. Pratt, 146 So. 2d 910, 913 (Fla. 3d DCA 1962)).  Here, Defendants assert that Plaintiff has failed to sufficiently allege that he had a fiduciary relationship with Defendants, that the transactions at issue are complex, or that his legal remedy is inadequate.  The Court agrees.

*1. No fiduciary relationship.*

First, Plaintiff fails to allege the existence of a fiduciary relationship.  To establish a fiduciary relationship, "'a party must allege some degree of dependency on one side

and some degree of undertaking on the other side to advise, counsel, and protect the weaker party.'" Orlinksy v. Patraka, 971 So. 2d 796, 800 (Fla. 3d DCA 2007) (quoting Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)). Here, Plaintiff alleges that he had an employment relationship with Defendants. However, an employment relationship does not necessarily create a fiduciary relationship. See Orlinsky, 971 So. 2d at 802 (finding that plaintiff did not have a fiduciary relationship with her employer because plaintiff was an at-will employee). The determination of whether a fiduciary relationship exists is fact-specific, turning on whether there is a relationship of trust and confidence between the parties that would give rise to fiduciary duties. See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd., No. 05-60080-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 25740, at *44 (S.D. Fla. Mar. 31, 2008). Here, the only facts that Plaintiff alleges about his relationship with Defendants are that he was employed by them as a salesman from 2003 through 2012, and that he received commissions and other compensation for his work. DE 15 ¶¶ 5, 6, 9. These facts, by themselves, are insufficient to establish a fiduciary relationship.

Plaintiff cites to case law in which courts have found that a fiduciary relationship existed between an employee and employer. See DE 20 at 5-6 (citing New World Fashions, Inc. v. Lieberman, 429 So. 2d 1276 (Fla. 1st DCA 1983); Eye Care Int'l, Inc. v. Underhill, 92 F. Supp. 2d 1310 (M.D. Fla. 2000)). However, in both of those cases, the plaintiffs alleged additional facts, beyond the mere existence of an employment relationship, that demonstrated an expectation of trust and confidence between the parties. In New World Fashions, the defendant was the plaintiff's sales representative

and had access to the plaintiff's secret information, including its client lists. See 429 So. 2d at 1276. The plaintiff alleged that the defendant attempted to steal its clients while setting up a business that would directly compete with the plaintiff's business. Id. at 1276-77. On these facts, the court found that the plaintiff was entitled to an accounting for lost profits. Id. at 1277. Likewise, in Eye Care Int'l, the employer alleged that the sales representative had a contractual obligation to report and account for his sales activities, thus creating a fiduciary relationship. 92 F. Supp. 2d at 1311. In the instant case, the Amended Complaint contains no allegations that demonstrate that the parties were in confidence with or dependent upon each other. Therefore, the Court finds that Plaintiff has not alleged a fiduciary relationship.

*2. No complex transactions*

Second, there are no allegations that the transactions at issue are particularly complex. Generally, a party seeking an accounting based on the complexity of the transaction must show that the transactions "are so complicated that a jury would not be able to ascertain damages and a remedy at law is inadequate." Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 694 F. Supp. 2d 1275, 1281 (S.D. Fla. 2010). Plaintiff alleges that he sold bakery equipment for Defendants, and that he was paid on a salary-plus-commission basis. See DE 15 ¶ 5; DE 15-1 at 3-5. It appears that Plaintiff's commission was to be calculated in accordance with the chart contained on page eight of the employment contract. DE 15-1 at 5. Thus, the Court finds no indication in the Amended Complaint or the contract that calculating Plaintiff's compensation would be beyond the capacity of a jury.

*3. Adequate legal remedy*

Third, Plaintiff fails to show that he has no adequate remedy at law. Plaintiff argues that his legal remedy – a breach of contract action – will be frustrated if he cannot access Defendants' sales records. Without such documents, he asserts that he will be unable to establish the amount of damages he is owed. Even so, Plaintiff does not explain why he could not obtain the necessary documents through discovery in a breach of contract action. Indeed, Plaintiff's arguments on this issue are better suited to a motion to compel, rather than an action for equitable accounting. See <u>Zaki Kulaibee Establishment v. Henry H. McFlicker</u>, 788 F. Supp. 2d 1363, 1371 (S.D. Fla. 2011) (dismissing an action for accounting because plaintiff could obtain documents needed to calculate damages through discovery). Accordingly, because Plaintiff has an adequate legal remedy, Count II will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Alternative Motion for More Definite Statement [DE 17] is **GRANTED**;

2. Count I is **DISMISSED without prejudice**;

3. Count II is **DISMISSED with prejudice**; and

4. Plaintiff shall file a Second Amended Complaint on or before **August 23, 2013**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of August, 2013.

```
                                    /s/ James I. Cohn
                                    JAMES I. COHN
                                    United States District Judge
```

Copies provided to:
Counsel of record via CM/ECF.