UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61076-CIV-COHN/SELTZER

JEAN HEBERT,

    Plaintiff,

v.

THE MIDDLEBY MARSHALL HOLDINGS, LLC
d/b/a DOYON/NU-VU and MIDDLEBY
CORPORATION d/b/a DOYON EQUIPMENT,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon the Motion for Summary Judgment of Defendant The Middleby Marshall Holdings, LLC [DE 45] ("Motion").[1] The Court has reviewed the Motion, Plaintiff's Response [DE 75], and Defendant's Reply [DE 84], and is otherwise advised in the premises.

**I.   BACKGROUND**

This action arises from an alleged breach by Defendant The Middleby Marshall Holdings, LLC, ("Middleby") of an obligation to pay amounts due to a former employee, Plaintiff Jean Hebert. In 2003, Middleby and Hebert entered into an agreement setting forth compensation that Middleby would pay to Hebert for his services as a salesman of bakery equipment. DE 26 ¶¶ 5–7. In 2010, the parties executed a slightly modified

---

[1] Defendants The Middleby Marshall Holdings, LLC and Middleby Corp. jointly filed the Motion on December 20, 2013. The Court subsequently granted summary judgment in favor of Middleby Corp. on Plaintiff's claim against it. See DE 86. The Court therefore will address the Motion only as it pertains to the sole remaining Defendant, The Middleby Marshall Holdings, LLC.

version of the agreement. Id. ¶ 8; see also DE 77-1 at 1–3 ("Compensation Agreement").[2] This Compensation Agreement governed the parties' relationship until the end of Hebert's employment with Middleby in 2012. DE 26 ¶ 12.

The Compensation Agreement provided that Hebert's total compensation would be a mix of salary and commissions. For his salary, Hebert would receive a fixed amount that would increase slightly from year to year. His commissions, on the other hand, would be determined by reference to his total sales. DE 77-1 at 1–3.

The Compensation Agreement also provided that if Middleby terminated Hebert's employment, it would pay Hebert a sum of money ("Termination Amount"). The Termination Amount would equal one month of Hebert's salary for each complete year he had worked for Middleby. The salary number used in computing the Termination Amount would be Hebert's average salary over the prior three years. Id.

In July 2012, Middleby terminated Hebert's employment. DE 26 ¶ 12. The parties disagreed as to amounts due to Hebert upon termination, however. Id. ¶ 13. Hebert contends that Middleby owes him a Termination Amount of $148,722.60, based upon his historic salary and commissions, and $18,251.50 in unpaid commissions. Id. Hebert commenced the action on this basis, asserting a single claim for breach of contract. Id. ¶ 14.

In its Motion, Middleby contests the validity of Hebert's claim. Middleby asserts that it only owes a Termination Amount of $66,715.20. DE 45 at 3. Middleby argues that

---

[2] The Compensation Agreement was drafted and executed in French. See DE 77-1 at 3. Hebert, however, has provided an English translation of the document. See DE 77-1 at 1–2. The parties do not appear to dispute the accuracy of Hebert's translation, therefore the Court will refer to the terms of the Compensation Agreement as they appear in the translation for the purposes of this Order.

Hebert's calculation of the Termination Amount is erroneous, because he has improperly included commissions in the salary used to compute that amount. Id. at 1–2. Middleby also states that it has already paid Hebert the commissions he seeks. Id. at 4. Middleby therefore requests an order endorsing its method of calculating the Termination Amount, and rejecting Hebert's claim for unpaid commissions. Id. at 13.

II. **LEGAL STANDARD**

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### III. DISCUSSION

Middleby's Motion raises two main issues: (1) whether Hebert's past commissions should be considered in computing the Termination Amount and (2) whether Middleby breached the Compensation Agreement by failing to pay outstanding commissions. The Court agrees with Middleby that commissions do not factor into the salary used in arriving at the Termination Amount. However, Middleby has provided insufficient evidence to establish that it satisfied its obligation to pay commissions to Hebert.

#### A. "Salary" as Used in the Compensation Agreement Excludes Commissions

The Compensation Agreement provides that the Termination Amount is determined by reference to Hebert's historic salary. The parties disagree over whether that historic salary includes the amount of commissions Hebert earned. Under Florida law, the construction of a contract is generally a question of law appropriate for resolution on a motion for summary judgment. Lawyers Title Ins. Corp. v. JDC (Am.)

Corp., 52 F.3d 1575, 1580 (11th Cir. 1995).[3] Therefore, the Court now turns to the construction of the Compensation Agreement, and determines that "salary" as used in the agreement does not include commissions.

The Compensation Agreement sets forth two components to Hebert's total compensation: salary and commissions. DE 77-1 at 1–3. The agreement provides that the amount of Hebert's "commissions," added to the amount of his "salary" or "base salary,"[4] produces the amount of his total compensation. Id. It follows that the term salary is distinct from, and does not include, commissions. If salary could be construed to include commissions, there would be no need to add commissions to the amount of Hebert's salary to arrive at his total compensation. Indeed, a calculation of the Termination Amount that treated commissions as a component of salary would conflict with the agreement's method of determining total compensation. Where possible, a court should not interpret a contract in a way that renders any of its provisions meaningless, Moore v. State Farm Mut. Auto. Ins. Co., 916 So. 2d 871, 877 (Fla. 2d DCA 2005) (per curiam), or creates unnecessary conflict between the contract's provisions, Sea-Land Serv., Inc. v. Sellan, 64 F. Supp. 2d 1255, 1262 (S.D. Fla. 1999), aff'd, 231 F.3d 848 (11th Cir. 2000). The Court therefore concludes that the salary used to compute the Termination Amount is unambiguously distinct from and exclusive of commissions.

---

[3] The parties assume in their papers that Florida law governs the Compensation Agreement. See DE 45 at 6–12; DE 75 at 4–6.

[4] The Compensation Agreement uses the terms "salary" and "base salary" interchangeably. DE 77-1 at 1–3.

Hebert nevertheless argues that the term "salary" should include commissions, and draws upon dictionary definitions, materials and statements obtained during discovery, and precedent relating to statutory interpretation to make his point. DE 75 at 3–7. In construing an unambiguous contract, however, the Court will give effect to the plain language of the contract, and will not consider extrinsic evidence. Certain British Underwriters v. Jet Charter Serv., Inc., 789 F.2d 1534, 1535 (11th Cir. 1986). Because the Compensation Agreement unambiguously differentiates salary and commissions, the Court will not consider Hebert's extrinsic evidence on this issue.

**B. Middleby Has Not Established that It Paid the Commissions to Hebert**

Middleby also contends that it has paid Hebert the $18,251.50 he seeks in commissions. DE 45 at 4. In support of this assertion, Middleby has provided an "Employee Check Summary" as an attachment to its Motion. See DE 45-3. The Employee Check Summary shows a check issued by Middleby to Hebert in the amount of $18,251.57 on August 3, 2012. DE 45-3.

Middleby does not attempt to authenticate the Employee Check Summary in any manner, however, thus the document is not properly before the Court. Documents submitted in support of a motion for summary judgment must be authenticated by and attached to an affidavit of a person through whom the documents could be admitted as evidence. Saunders v. Emory Healthcare, Inc., 360 F. App'x 110, 113 (11th Cir. 2010) (per curiam); Ioselev v. Schilling, No. 10-1091, 2013 U.S. Dist. LEXIS 9723, at *3–4 (M.D. Fla. Jan. 24, 2013); see also Fed. R. Civ. P. 56(c). Because the Court will not consider the unauthenticated Employee Check Summary, and because Middleby has not directed the Court to other competent evidence in the record illustrating that it has paid Hebert the commissions he seeks, Middleby has failed to adequately support its

6

Motion on the issue of allegedly unpaid commissions, and that prong of the Motion will be denied. See Celotex Corp., 477 U.S. at 323.

## IV.  CONCLUSION

It is accordingly **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 45] is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent it seeks a determination that the term "salary" as used in the Compensation Agreement to calculate the Termination Amount does not include commissions. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of March, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF